■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAFAEL MENDEZ, Appellant.— Judgment unanimously reversed, on the law and on the facts, and a new trial ordered. Defendant and respondent in their summations addressed themselves to the issue of frame-up. After the case was submitted to the jury, the jury returned three times with questions. The third inquiry was as follows: "'With ever [*sic*] reference to frameup or setup, was the Judge [*sic*] ruling that it be stricken from the record?' * * * 'Are we, as jurors, allowed to determine the defendant's verdict on the premise that he was or was not framed?'" The trial court answered as follows: "The question — what was stricken from the record may not be — it may not be stricken from the record, that I do not remember; but I want to tell you again that if it was — a question from an attorney, that is not evidence." Further colloquy ensued and then Juror Number Three stated: "Your Honor, that truly does not answer the question. We cannot really remember all of the — there are certain things — THE COURT: What portion of the evidence do you want read back to you? JUROR NUMBER THREE: I cannot — I don't know. THE COURT: Well, retire, and maybe your memory will be refreshed as a result of discussion. You are supposed to sit and discuss with the other jurors, and if you've forgotten some of the testimony, you can discuss with them and maybe they remember it. Maybe it will refresh your recollection. Retire and continue your deliberations." It may be reasonably assumed the import of the question was whether or not the jury was entitled to consider the defense of frame-up. On this record the trial court's response should have been in the affirmative. The trial court's failure to instruct the jury in response to its request was substantial error. (*People* v. *Gezzo*, 307 N. Y. 385, 396; *People* v. *Gonzalez*, 293 N. Y. 259, 262–263.) The instructions given by the trial court made it appear that the jury was not entitled to consider the issue of frame-up. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.